IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADOLPH CARROLL, #196-723 * | |
|     Plaintiff | |
| * | |
|     v. | CIVIL ACTION NO.  RDB-06-2487 |
| * | |
| GARRICK GREENBLATT, et al., | |
|     Defendants * | |
| ****** | |

**MEMORANDUM OPINION**

    Seeking compensatory and punitive damages, Plaintiff, presently incarcerated in the Roxbury Correctional Institution in Hagerstown, Maryland, filed suit against attorneys Garrick Greenblatt, and Melvin Hirshman.  Plaintiff alleges that Garrick Greenblatt committed legal malpractice and provided ineffective assistance of counsel during Plaintiff's state post-conviction proceedings and that Melvin Hirshman failed to properly investigate Plaintiff's complaints filed with the Maryland Attorney Grievance Commission regarding Greenblatt's conduct.  (Paper No. 1).  Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 2),  which shall be granted pursuant to 28 U.S.C. § 1915(a).  Upon review of the Complaint, this Court concludes that it is subject to dismissal under the provisions of 28 U.S.C. § 1915(e), for reasons set forth herein.

    Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Because there is no allegation that Defendants,  a member of the Public Defender's Office, and Bar Counsel to the Attorney Grievance Commission, were acting under color of law, the claims against them shall be dismissed.  *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*,

631 F.2d 1154 (4th Cir. 1980) (holding that there is no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.)

Plaintiff is advised that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious or for failure to state a claim on which relief may be granted under 28 U.S.C. §1915(e) or under F.R.Civ.P. 12(b)(6).[1] A separate Order shall be entered in accordance with the foregoing.

September 29, 2006
Date

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

[1]*See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1996*, § 804(d), which amends 28 U.S.C. § 1915 to include subsection (g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As this Court interprets this provision of the Act (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.